

**FILED**

JAN 27 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1   CARL A. WESCOTT
2   8210 E. VIA DE LA ESCUELA
    SCOTTSDALE AZ 85258
3   *in propria persona*
    CARLWSOJ@GMAIL.COM
4   +1 936 937 2688

# UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA

## NORTHERN DISTRICT

DMR

CV22    00543

CARL A. WESCOTT,

    Plaintiff,

    vs.

ROBERT J. BLOCK;
MONETTE STEPHENS;
TERRY SZUCSKO, esq.;
LVOVICH & SZUCSKO, P.C.;
MILLA LVOVICH, esq.

    Defendants.

+ DOES 1 through 50

Civil Action No.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

JURY TRIAL REQUESTED

Plaintiff Carl A. Wescott, proceeding *pro se,* complains of Defendants Mr. Robert J. Block, Ms. Monette Stephens, Terry Szucsko, esq., Ms. Milla Lvovich, esq., and Lvovich and Szucsko, P.C. In support of his complaint, the Plaintiff further alleges as follows:

**PARTIES**

1.  The Plaintiff is a resident of Scottsdale, AZ.

2.  Defendant Robert J. Block is a resident of Chicago, Illinois.  Mr. Block is a former licensed attorney who has already been disbarred for morally reprehensible acts.

3.  Defendant Monette Stephens is a resident of San Francisco and is the Plaintiff's ex-wife.

4.  Defendant Terry Szuckso ("Szuckso") is a an individual and a licensed California attorney who resides in San Francisco.  Mr. Szucsko has not yet been disbarred.

5.  Defendant Milla Lvovich is an individual and licensed California attorney who lives in the San Francisco area.  Ms. Lvovich has not yet been disbarred, either.

6.  Defendant Lvovich & Szuckso, PC ("L & S") is a California Professional Corporation offering legal services, with offices at 50 Osgood Place in San Francisco.

**JURISDICTION**

7.  The case at bar is features complete diversity of citizenship under 28 USC 1332, with the Plaintiff in Scottsdale, Arizona; most of the Defendants in San Francisco, California; and Mr. Block in Chicago, Illinois.  Damages far exceed $75k; the instant case also qualified for United States District Court with two federal issues of law, under the Defend Trade Secrets Act and the FDCPA (Federal Debt Collection Practices Act).  This Court can assert jurisdiction over these Defendants.

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

**FURTHER ALLEGATIONS REGARDING CONSPIRACY**

8.  Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, Ms. Stephens, Mr. Szucsko, Ms. Lvovich, and Mr. Block, in addition to acting for themselves, as well as for the benefit of their marital communities (if any), is and was acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

9.  Upon information and belief, there are individuals besides Stephens, Block, Szucsko, and Lvovich, who, in addition to acting for himself/herself and on his/her own behalf individually, as well as for the benefit of his or her marital community (if any), also were and are acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

10. Plaintiff further alleges on information and belief that the acts and non-acts of each of the individual Defendants were fully ratified by each and all of the other Defendants.  Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the

3

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

1  specific Defendants were approved ratified, and/or done with the cooperation and knowledge of

2  each and in conspiracy with all other Defendants (individual and corporate).

11. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint,

L&S, in addition to acting for itself and on its own behalf, is and was acting as the agent and/or

representative of, and with the knowledge, consent, and permission of, and in conspiracy with,

each and all of the other Defendants (individual and entities) and within the course, scope, and

authority of that agency, service, employment, representation, and conspiracy.

12. In addition, upon information and belief, beyond the named Defendant, L&S, there exist one or

more nefarious corporate or LLC or other entity type Defendants involved in these conspiracies,

currently unknown to Plaintiff.   They shall emerge with the benefit of legal discovery.

13. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint,

any and all such corporate entities, in addition to acting for itself/themselves and for its/their

own behalf, was and were acting as the agent, servant, and/or representative of, and with the

knowledge, consent, and permission of, and in conspiracy with, each and all of the Defendants

(entity and individual) and within the course, scope, and authority of that agency, service,

employment, representation, and conspiracy.

14. Plaintiff further alleges on information and belief that the acts of each of the Defendants were

fully ratified by each of the Defendants.  Specifically, and without limitation, Plaintiff alleges on

information and belief that the tortious actions, failures to act, breaches, and negligence alleged

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

1
2
3
4

herein and attributed to one or more of the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

5
6
7
8
9
10
11
12
13
14
15

**A MULTITUDE OF OTHER TORTIOUS ACTS AND CRIMES**

The Plaintiff has learned of at least two dozen separate significant issues with his former attorney Mr. Shearer, who died before he could be disbarred, and Mr. Block, who worked in his law office. It appears that most or all of those illegal and tortious acts were spurred by the kickbacks, commercial bribery, and further inducements offered by Ms. Stephens and Mr. Szucsko.

The Plaintiff had complained to the ARDC (the Attorney Registration and Disciplinary Commission) of Illinois about many of these acts by Mr. Shearer and Mr. Block. The Plaintiff will be complaining further about Mr. Szucsko and Ms. Lvovich, filing more lawsuits, and providing detailed evidence in reports for investigation to law enforcement.

16
17
18
19
20
21
22

**NARRATIVE, FACTS, AND ALLEGATIONS**

15. On June 3rd, 2014, the Plaintiff (also the Petitioner in a related family law action) filed for marital dissolution (San Francisco case FDI-14-781666; Respondent: Ms. Monette R. Stephens ("Stephens")).

16. On October 11th and 13th, 2016, the parties had their marital dissolution trial.

23
24
25
26

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

17. On March 22nd, 2017, the Court signed the written order for custody and financial matters.

18. In June 2017 the Petitioner filed to appeal the March 22nd 2017 Order.

19. Around the same time, the Plaintiff/Petitioner hired Robert D. Shearer, esq. (now deceased), a Chicago-based attorney and appellate specialist, to review the Plaintiff's marital dissolution litigation and order, for an appeal.

20. Robert J. Block ("Block"), a disbarred Illinois attorney, worked as a paralegal in the law offices of Mr. Shearer ("Shearer").

21. Mr. Terry Szucsko, esq. ("Szucsko"), of Lvovich and Szucsko, P.C. was Ms. Stephens' attorney in the family law proceedings.

22. In 2018, Szucsko and Stephens came up with a criminal scheme to commercially bribe (provide kickbacks) to Mr. Block to steal confidential and privileged information from Mr. Shearer's law office.

23. Ms. Stephens, a represented party (represented by Szucsko) directly communicated with Shearer and Block.

24. Ms. Stephens made payments to Block, starting with $100 payment disguised as a forgiven loan, and then a series of $250 monthly payments to Block.

25. Ms. Stephens made over $1000 of payments to Block on behalf of Szucsko and Stephens for the kickbacks and commercial bribes to Block, so that Stephens and Szucsko could steal confidential and privileged information from the law offices of Shearer.

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

26. Ms. Stephens offered many other inducements other than cash, too (to be valued at jury trial).

27. Shearer had duties of confidentiality to his client, the Plaintiff.

28. Block, as a paralegal, also had duties of confidentiality to the Plaintiff.

29. Further, Block agreed to a written confidentiality agreement and a non-circumvent.

30. In late 2018, the Plaintiff discovered that Block had contacted Stephens and other legal

   adversaries.

31. Block promised not to do so again.

32. The parties put together a new agreement in which Block agreed to LD (liquidated damages) of

   $10,000 per contact with legal adversaries plus actual damages caused.

33. The Plaintiff informed Szucsko of this agreement, and thus Stephens had constructive notice.

34. The Plaintiff began consulting for Salveo Capital, a venture capital fund with offices in

   Chicago, and raised capital for Salveo.

35. Just before the Plaintiff was due to help Salveo close more capital, earning $255,000 in the

   process, a series of events occurred in which multiple parties breached their express and implied

   contract terms, and committed tortious acts.

36. One of those sets of tortious acts was Szucsko and Stephens stealing information regarding

   Salveo Capital from the law offices of Shearer, via Block.

7

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE
DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION
OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT
COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. §
1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON
SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT;
INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT
CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

37. On or about February 19, 2019, Stephens and Szucsko filed a Petition for an Assignment Order ("the Petition") seeking to levy proceeds from the Plaintiff's commercial dealings with Salveo Capital ("Salveo") for the benefit of Ms. Stephens.

38. In doing so, the Defendants misused the stolen confidential and privileged information, and committed fraud upon a Court, not disclosing their thefts and related crimes to the Court.

39. Stephens and Szucsko's goal was not to steal from the Plaintiff, but simply to deprive him of revenue and to interfere with his Child Support payments.

40. Hence, Stephens and Szucsko took no steps to collect $255,000+ from Salveo Capital.

41. The Plaintiff is in possession of evidence of payments from Stephens to Block (kickbacks and commercial bribes), and dozens of emails between Stephens and Block, among other evidence, including Block sending confidential and privileged information (including regarding Salveo) to Stephens in exchange for said kickbacks and commercial bribery.

42. The Plaintiff is also in possession of some Szucsko emails in which he is clearly part of the conspiracy to steal confidential and privileged information from the Plaintiff and the law offices of Mr. Shearer, a legal adversary. (In the emails, Mr. Szucsko is referring to Mr. Block and acts to steal more confidential and privileged information from the Plaintiff via the law offices of Mr. Shearer).

43. The Plaintiff wrote to Mr. Szucsko to attempt to make him aware of the ethical strictures that he was supposed to be bound by, and to suggest steps towards cleanup (Exhibit A).

8

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

44. However, Mr. Szucsko has refused to communicate or take any positive steps forward.

45. Instead, the parties are actively plotting to steal and misuse more confidential and privileged information, believing they are above the law.

46. The Plaintiff has summarized the situation in another letter to Mr. Szucsko (Exhibit B).

47. There are dozens of issues with these defendants not covered in this legal complaint.

48. In parallel thefts of confidential and privileged information from adversarial law offices via kickbacks and commercial bribery, Stephens and Szucsko took similar steps to attempt to deprive (successfully, thus far) the Plaintiff from US $3+ million owed by a network of accelerator and venture funds.

49. That particular issue will be addressed in the next legal complaint and related actions.

50. The Plaintiff has been forced to file this legal complaint to attempt to right the scales of justice.

51. Under the Seventh Amendment to the United States Constitution, the Plaintiff has a right to a jury trial for his Constitutionally-protected petitioning rights.  (Also, as per *Fed. R. Civ. P 38(b)*).

52. The Plaintiff hereby respectfully requests a jury trial on all issues raised herein, including all triable facts and issues related to his current causes of action and any facts, issues, requests, and/or causes of action that the Plaintiff or his future attorney may add within the timelines allowed by this Court.

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

**Count I - Misappropriation of Trade Secrets (Violations of the Defend Trade Secrets Act)**

53. The Plaintiff realleges paragraphs 1-52 as if fully set out herein.

54. The Plaintiff was the owner of certain trade secrets ("the Trade Secrets") in connection with the Relationship as defined in the Defend Trade Secrets Act, further codified at 18 U.S.C. § 1836.

55. The Trade Secrets related, among other things, to Salveo's securities offering, its fund raising goals and strategies, and to the Plaintiff's detailed capabilities and network relating thereto.

56. The Trade Secrets were fully protectable at all times relevant hereto and the Plaintiff took reasonable steps to ensure their confidentiality including the utilization of contractual confidentiality clauses and two confidentiality agreements with Mr. Block.

57. As the Trade Secrets related to nonpublic information that might have been relevant to an publicly traded stocks and an imminent IPO, the Trade Secrets were particularly sensitive and the Plaintiff was commensurately vigilant.

58. The Defendants (other than Block) improperly acquired the Trade Secrets by corruptly inducing the Plaintiff's fiduciary to disclose the Trade Secrets, utilizing kickbacks and commercial bribery.

59. As a direct result of the Defendants' acts of unlawful misappropriation the Plaintiff was harmed.

60. All allegations and damages to be fully proven at jury trial.

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

## Count II - Misappropriation of Trade Secrets (State)

61. The Plaintiff realleges paragraphs 1-52 as if fully set out herein.

62. In the alternative, and conjunctively, the Plaintiff was the owner of certain trade secrets ("the Trade Secrets") in connection with the Relationship was defined in California Civil Code 3426.1.

63. The Trade Secrets related, among other things, to Salveo's and its portfolio companies securities offerings, fund raising goals and strategies and to the Plaintiff's detailed capabilities and network relating thereto.

64. The Trade Secrets were fully protectable at all times relevant hereto and the Plaintiff took reasonable steps to ensure their confidentiality including the utilization of contractual confidentiality clauses.

65. As the Trade Secrets related to nonpublic information that might have been relevant to an imminent IPO, the Trade Secrets were particularly sensitive and the Plaintiff was commensurately vigilant.

66. The Defendants (other than Block) improperly acquired the Trade Secrets by corruptly inducing the Plaintiff's fiduciary (Block, in the law offices of Mr. Shearer) to disclose the Trade Secrets.

67. As a direct result of the Defendants' acts of unlawful misappropriation the Plaintiff was harrned.

68. All allegations and damages to be fully proven at jury trial.

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

## Count III  - Violations of the FDCPA

69. The Plaintiff realleges paragraphs 1-52 as if fully set out herein.

70. This Count is brought under the FDCPA, the Fair Debt Collection Practices Act, Pub. L. 95-109; 91 Stat. 874, codified as 15 U.S.C. § 1692 –1692p, approved on September 20, 1977.

71. The FDCPA is a consumer protection amendment, establishing legal protection from abusive debt collection practices, to the Consumer Credit Protection Act, as Title VIII of that Act.

72. At all relevant times Defendants Szucsko, Lvovich, and Stephens were acting as "debt collectors" attempting to collect "consumer debt" within the meaning of 1788.2 (c) and (d) respectively.

73. The Defendants' acts of abetting fiduciary breach, fraudulent concealment, invasion or privacy and abuse of process were deceptive acts within the meaning of 1788.30.

74. The Defendants' illegal and tortious acts harmed the Plaintiff.

75. All allegations and damages to be fully proven at jury trial.

## Count IV - Violations of Rosenthal Act

76. The Plaintiff realleges paragraphs 1-52 as if fully set out herein.

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

77. This Count is brought under the Rosenthal Fair Debt Collection Practices Act, California Civil Code 1788 et seq.

78. At all relevant times the Defendants were acting as "debt collectors" attempting to collect "consumer debt" within the meaning of 1788.2 (c) and (d) respectively.

79. The Defendants' acts of abetting fiduciary breach, fraudulent concealment, invasion or privacy and abuse of process were deceptive acts within the meaning of 1788.30.

80. The Defendants' illegal and tortious acts harmed the Plaintiff.

81. All allegations and damages to be fully proven at jury trial.

## Count V – Intrusion Upon Seclusion

82. The Plaintiff realleges paragraphs 1-52 as if fully set out herein.

83. The Plaintiff had a reasonable expectation of privacy in connection with his communications with Block, arising both out of the parties' contract and Business & Professions 6450.

84. The Plaintiff also had a reasonable expectation of privacy in connection with his communications with Mr. Shearer, his attorney, as Mr. Shearer, like Mr. Block, had a duty of confidentiality towards him.

85. The Defendants intruded into the Plaintiff's communications with Mr. Shearer and Mr. Block by inducing Block (via kickbacks and commercial bribes) to disclose the Plaintiff's confidences.

13

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

86. The Defendants' intrusion would be highly offensive to any reasonable person.

87. The Plaintiff was harmed by the Defendants' intrusion by losing his expected Salveo revenue and having the Salveo relationship disrupted.

88. The Plaintiff also sustained emotional injury as a result of the exposure of his private and privileged communications.

89. The Defendants' intrusion was a substantial factor in bringing about the Plaintiff's injury.

90. The Plaintiff was damaged.

91. All allegations and damages to be fully proven at jury trial.

**Count VI – Intentional Interference with Contract**

92. The Plaintiff realleges paragraphs 1-52 as if fully set out herein.

93. There was a binding contract between the Plaintiff and Salveo ("the Contract").

94. Defendant Block, at all relevant times, knew of the existence and validity of the Contract.

95. The other Defendants knew of the existence and validity of the Contract once they had stolen information from the Plaintiff via commercial bribery of his attorney and paralegal.

96. The Defendants, by filing the Petition, prevented Salveo's performance of the Contract with the Plaintiff.

14

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

97. At all relevant times, the Defendants intended to disrupt the Contract and/or to substantially burden that Contract.

98. Indeed, the Defendants were successful in doing so.

99. The Plaintiff was harmed by losing the revenue from the Contract, and future revenues for related business he would have gotten over the past few years, and in the years to come.

100.     The Defendants' conduct was a substantial factor in bringing about the Plaintiff's harm.

101.     All allegations and damages to be fully proven at jury trial.


**Count VII – Intentional Interference with Prospective Economic Advantage**


102.     The Plaintiff realleges Paragraphs 1-52 as if fully set out herein.

103.     Apart from the Contract, the Plaintiff and Salveo were in an economic relationship ("the Relationship") that almost certainly would have resulted in much greater economic benefit to the Plaintiff.

104.     At all relevant times, Block was aware of the Relationship.

105.     At all relevant times after they had stolen confidential and privileged information, the other Defendants were aware of the Relationship.

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

106.    The Defendants engaged in wrongful conduct by corruptly obtaining confidential

information and maliciously obtaining the Assignment Order (collectively, "the Wrongful

Conduct").

107.    By engaging in the Wrongful Conduct, the Defendants were aware that disruption of the

Relationship was substantially certain to occur.

108.    The Relationship was in fact disrupted and the Plaintiff was harmed.

109.    The Defendants' Wrongful Conduct was a substantial factor in bringing about the disruption

of the Relationship and the Plaintiff's harm.

110.    All allegations and damages to be fully proven at jury trial.


**Count VII – Negligent Interference with Prospective Economic Advantage**


111.    The Plaintiff realleges Paragraphs 1-52 as if fully set out herein.

112.    Pleading in the alternative, the Relationship would have almost certainly conferred

substantial economic benefits on the Plaintiff.

113.    At all relevant times, Defendant Block knew of the Relationship.

114.    At all relevant times, after they stole confidential and privileged information from the law

offices of Mr. Shearer, the Defendants knew of the Relationship.

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE
DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION
OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT
COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. §
1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON
SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT;
INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT
CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

115.    At all relevant times, the Defendants knew that the Relationship would have been disrupted in the Defendants failed to act with reasonable care.

116.    The Defendants failed to act with reasonable care.

117.    The Defendants engaged in the Wrongful Conduct as the term is defined in paragraph 81 above.

118.    The Relationship was disrupted and the Plaintiff was harmed.

119.    The Defendants' Wrongful Conduct was a substantial factor in bringing about the disruption of the Relationship and the Plaintiff's harm.

120.    All allegations and damages to be fully proven at jury trial.

## Count VIII – Abuse of Process

121.    The Plaintiff realleges paragraphs 1-52 as if fully et out herein.

122.    The Defendants filed a Petition for Entry of an Assignment Order ("the Petition") on or about February 19, 2019 thus utilizing the process of the Court.

123.    The Petition was filed in connection with certain monies that would have been owed by Salveo to the Plaintiff.

124.    The Defendants intentionally used the Petition and thus the process of the Court merely to deprive the Plaintiff of revenue and to disrupt the Relationship.

17

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

125. The Defendants never made any effort to collect any monies from Salveo for the benefit of their client.

126. Thus, the Defendants used the Petition for two malicious purposes that it was not intended to achieve.

127. The Plaintiff was harmed as a result of the Defendants' abuse/misuse of the process of the Court.

128. The Defendants' conduct was a substantial factor in bringing about the Plaintiff's harm.

129. All allegations and damages to be fully proven at jury trial.

## Count IX – Fraudulent Concealment (from the Plaintiff)

130. The Plaintiff realleges paragraphs 1-52 as if fully set out herein.

131. At all relevant times Shearer was the Plaintiff's attorney and was a fiduciary of the Plaintiff.

132. At all relevant times Block was a contractor and fiduciary of the Plaintiff.

133. When the Defendants became aware of Block's offer ("the Offer") to disclose privileged and confidential information in exchange for kickbacks and commercial bribes, they were under an ethical duty to disclose the Offer to both the Plaintiff and the Court pursuant to ER 3.3.

134. At all relevant times, the Offer was material.

135. The Defendants prevented the Plaintiff from knowing of the Offer.

18

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

136.    The Plaintiff did not know about the Offer and was not in a position to independently learn of the existence of the Offer.

137.    The Defendants intended to deceive the Plaintiff by concealing and/or omitting to disclose the existence of the Offer.

138.    Had the Offer been disclosed, the Plaintiff could have and would have acted immediately to enjoin Block from making further disclosures and the Defendants from making use of the disclosures made in connection with the Offer.

139.    The Plaintiff was harmed by the Defendants' concealment of the Offer.

140.    The Defendants' conduct was a substantial factor in bringing about the Plaintiff's harm.

141.    All allegations and damages to be fully proven at jury trial.


**Count X – Fraudulent Concealment (from the Court)**


142.    The Plaintiff realleges paragraphs 1-52 as if fully set out herein.

143.    At all relevant times Shearer was the Plaintiff's attorney and was a fiduciary of the Plaintiff.

144.    At all relevant times Block was a contractor and fiduciary of the Plaintiff.

145.    When the Defendants became aware of Block's offer ("the Offer") to disclose privileged and confidential information in exchange for kickbacks and commercial bribes, they were under an ethical duty to disclose the Offer to both the Plaintiff and the Court pursuant to ER 3.3.

19

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

146.    At all relevant times, the Offer was material.

147.    The Defendants prevented the Court from knowing of the Offer, and from knowing that they had stolen confidential and privileged information from the opposing law office via kickbacks and commercial bribery.

148.    The Court did not know about the Offer and was not in a position to independently learn of the existence of the Offer.

149.    The Defendants intended to deceive the Court by concealing and/or omitting to disclose the existence of the Offer and the provenance of the stolen information.

150.    Had the Offer been disclosed, or the provenance of the stolen information, the Court would never have made the order of assignment.

151.    The Plaintiff was harmed by the Defendants' concealment of the Offer from the Court.

152.    The Defendants' conduct was a substantial factor in bringing about the Plaintiff's harm.

153.    All allegations and damages to be fully proven at jury trial.

### Count XI – Aiding & Abetting Fiduciary Breach

154.    The Plaintiff realleges paragraphs 1-52 as if fully set out herein.

155.    At all relevant times the Defendants were aware that Shearer was the Plaintiff's attorney and therefore was a fiduciary of the Plaintiff. *Indeed, as licensed attorneys (and one disbarred one)*

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

*the Defendants were experts in this area and acutely aware of the outrage that they were*

*perpetrating against the Plaintiff.*

156.    At all relevant times the Defendants were aware that Block was a fiduciary of the Plaintiff

both under Business & Professions 6450 and by contract. *Indeed, as licensed attorneys (and one*

*disbarred one) the Defendants were experts in this area and acutely aware of the outrage that*

*they were perpetrating against the Plaintiff.*

157.    The Defendants were aware that Shearer and Block were breaching his fiduciary duties in

connection with the Offer and related disclosures, as well as in selling confidential and

privileged information to legal adversaries in exchange for kickbacks and commercial bribes.

158.    The Defendants, at all relevant times, offered encouragement, assistance and inducements to

Shearer and Block in breaching their fiduciary duties to the Plaintiff.

159.    The Plaintiff was harmed by Shearer's and Block's breaches of fiduciary duty.

160.    The Defendant's conduct was a substantial factor in bringing about the Plaintiff's harm.

161.    All allegations and damages to be fully proven at jury trial.


[rest of this page blank; Prayer for Relief follows on the next page]

21

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

WHEREFORE, Plaintiff prays

(a) As to Count I for all direct and consequential damages caused by the Defendants misappropriation of the Plaintiff's trade secrets and for and award of costs, attorney's fees and double punitive/exemplary damages under the Defend Trade Secrets Act (18 USC § 1836).

(b) As to Count II for damages under the FDCPA, the Federal Debt Collection Practices Act including all direct and consequential damages caused by the Defendants' violations of the FDCPA, attorney's fees, costs and statutory penalties.

(c) As to Count III for all direct and consequential damages caused by the Defendants misappropriation of the Plaintiff's trade secrets and for and award of costs, attorney's fees and double punitive/exemplary damages u under the Uniform Trade Secrets Act, California Civil Code 3426.1 et seq.

(d) As to Count IV for damages under California Civil Code 1788.62 including all direct and consequential damages caused by the Defendants violations of the Rosenthal Act, attorney's fees, costs and statutory penalties.

(e) As to Count V for all direct and consequential damages proximately caused by the Defendants' intrusion upon the Plaintiff's seclusion as well as for the imposition of exemplary damages in an amount sufficient to deter the Defendants from committing acts of intrusion or Invasion of Privacy in the future.

22

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

(f) As to Count VI for all direct and consequential damages proximately caused by the Defendants' interference with the Plaintiff's contractual rights as well for the imposition of exemplary damages in an amount sufficient to deter the Defendants from committing acts of contractual interference in the future.

(g) As to Count VII for all direct and consequential damages proximately caused by the Defendants acts of intentional interference with the Plaintiff's prospective economic advantage as well as for the imposition of exemplary damages in an amount sufficient to deter the Defendants from committing acts of interference with prospective advantage in the future.

(h) As to Count VIII for all direct and consequential damages caused by the Defendants acts of negligent interference with the Plaintiff's prospective economic advantage.

(i) As to Count IX for all direct and consequential damages caused by the Defendants' abuse of process of the Court and for the imposition of exemplary damages in an amount sufficient to punish and deter the Defendants from engaging in abuse of process in the future.

(j) As to Count X for all direct and consequential damages caused by the Defendants' acts of fraudulent concealment and for the imposition of exemplary damages in an amount sufficient to punish and deter the Defendants from engaging in fraudulent concealment in the future.

(k) As to Count XI for all direct and consequential damages caused by the Defendants' acts in aiding and abetting fiduciary breach and for the imposition of exemplary damages in an amount

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

sufficient to punish and deter the Defendants from aiding and abetting fiduciary breach in the future.

(l)  For all costs of Court and litigation including future attorneys' fees.

(m) For a reasonable value for the Plaintiff's time while he is forced to represent himself, unable to afford an attorney partially due to Defendants' thefts (*quantum meruit*)

(n)  For such other and further relief as the Court deems just.

]

RESPECTFULLY SUBMITTED on January 27th, 2022

CARL A. WESCOTT, *pro se*

24
**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

## Verification under 28 U.S.C. § 1746

I, Carl A. Wescott, being duly sworn, declare as follows:

I.    I am the Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Arizona.

II.   I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing Plaintiff's Verified Legal Complaint.

III.  When called on to testify I would competently testify as to the matters stated herein.

IV.   I have personal knowledge of my allegations related to Mr. Block based on conversations with him, an agreement for him to provide me his emails, and my subsequent purchase of emails and further information from Mr. Block.

V.    Thus, I legally have in my possession significant evidence that supports my allegations herein, including emails from Ms. Stephens and Mr. Szucsko.

VI.   I verify under penalty of perjury under the laws of Arizona, California, and the United States of America that the factual statements in this Complaint concerning myself, my activities, and my intentions arc true and correct, as are

25

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

the factual statements concerning the Defendants, to the best of my memory, knowledge, and beliefs.

VII.    My verification of this complaint follows and is further governed by 28 U.S.C. § 1746.

_____

CARL A. WESCOTT

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; ABUSE OF PROCESS; FRAUDULENT CONCEALMENT; & AIDING AND ABETTING FIDUCIARY BREACH;**

September 6th, 2021



Mr. Terry A Szucsko, esq. #258096
Lvovich & Szucsko, P.C.,
50 Osgood Place, Suite #500
San Francisco, CA 94133-4665

Dear Mr. Szucsko:

I am writing to you to demand that you discharge your ethical duties which I
believe arise out of your improper procurement of a Petition for Assignment,
filed against my expected proceeds from Salveo Capital ("Salveo") on or about
February 19, 2019 ("the Petition").

As you know, the Petition was filed and obtained as a result of stolen
confidential and privileged information obtained with kickbacks and
commercial bribery, with those kickbacks and bribes paid to the Law Offices of
Robert D. Shearer, Jr. (my attorney), and to Robert J. Block, a disbarred
attorney working in the Law Offices of Robert D. Shearer, Jr. for me as a
paralegal.

It does not appear that you directly bribed Mr. Shearer or Mr. Block, but you
were aware that kickbacks/commercial bribes were ongoing to steal confidential
and privileged information from the opposing attorneys in a case, and from your
client's legal adversaries (I have some of your emails that prove this in my
possession).

Mr. Block is already disbarred, and Mr. Shearer was on his way to being
disbarred by the ARDC – however, he died before being disbarred.

Your goal, and your client's goal, was not to steal money owed to me.  Your
goal was to continue to interfere with my Child Support payments, another
crime under the California Penal Code.

Mr. Block and Mr. Shearer were compensated with over $1000 flowing in monthly payments made by your client and otherwise improperly induced with other offers of value to make disclosures of confidential and privileged information and you were expressly aware of the compensation and inducements.

The remedies that I describe and demand, flow from strictures of RPC 3.3 (b) as well as 3.4 (c) and (d). Let me examine each of these in turn.

RPC 3.3 (b) sets out clear and simple requirements for a California litigator:

**(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.**

RPC 3.4 (c) and (d) prohibit an attorney from assisting a witness to testify falsely or offering the witness monetary inducements based on the content of his or her testimony:

**(c) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;**
**(d) directly or indirectly pay, offer to pay, <u>or acquiesce in the payment of compensation to a witness contingent upon the content of the witness's testimony</u> or the outcome of the case. Except where prohibited by law, a lawyer may advance, guarantee, or acquiesce in the payment of:**
**(1) expenses reasonably\* incurred by a witness in attending or testifying;**
**(2) reasonable\* compensation to a witness for loss of time in attending or testifying; or**
**(3) a reasonable\* fee for the professional services of an expert witness;**

(emphasis added).

There are many more ethical lapses and violations of your ethical strictures and of the law that I can point out, but these should suffice as a starting point.

As a conscientious California litigator, you would be aware that the new rules adopted by the California Supreme Court in November of 2018 are widely understood to impose more stringent ethical duties on California lawyers. See, Knapton, <u>Candor to the Tribunal is Now Mandatory in California</u>, *California Lawyer Daily Journal*, November 8, 2019, contrasting new and old rules.

I believe that you are in violation of RPC 3.3 (b) because PC 499 (c) makes it a crime to misappropriate a trade secret and PC 641.3 criminalizes commercial bribery. Your past interference with Court-ordered visitations, as well as your ongoing interference with Child Support, are both criminal, among many other examples I could cite, but let's keep this communication germane solely to this set of stolen confidential and privileged information concerning Salveo Capital.

I am in possession of emails that establish that you were aware, in filing the Petition, that your client had induced my fiduciaries to disclose confidential and proprietary information concerning my business dealings, in part by paying them. Your client, a represented party, bypassed your representation in these dealings, and you were aware of her kickbacks and commercial bribery to opposing counsel to steal said information.

Thus, your client engaged in criminal and fraudulent conduct related to the proceeding, and you and your law office also engaged, in conspiracy with Ms. Stephens, in a multitude of crimes.

I believe that you are in violation of 3.4 (c) for offering an inducement to a witness that is prohibited by law (e.g. a kickback, or commercial bribe) and that you have *at least* acquiesced in the payment of fees to a witness based on the content of the witness's testimony in violation of 3.4 (d).

Under these circumstances, I respectfully insist that you undertake the following eight (8) remedial measures:

(1) You immediately cease and desist from all communications with Mr. Block, and ensure, as best you can, that your client (former client) Ms. Stephens ceases and desists from any such contact.

(2) You immediately cease and desist as well as all further theft of confidential information, from further acts of kickbacks and commercial bribery and from further acts of fraud upon the Court.

(3) You (fairly) immediately disclose the above described criminal and fraudulent acts [in violation of PC 499 (c) and PC 641.3] to the tribunal in a supplemental filing under compulsion of 3.3 (b);

(4) You (fairly) immediately have the Salveo assignment rescinded with a supplemental filing to the tribunal that you deceived. (I will then collect monies owed to my company and then pay Child Support).

3

(5) You preserve and collect all evidence concerning communications with Mr. Shearer, communications with Mr. Block, disclosures from Mr. Shearer while he was alive, and disclosures from Mr. Block, relating to Salveo or otherwise.

(Obviously these materials are not privileged under Evidence Code 956, crime/fraud exception so they would include all relevant communications and notes of communications with your client)

(6) You transmit all such preserved and collected evidence in (5) above to me and to the State Bar in the spirit of BP&C (Business & Professions Code) 6068.

(7) You provide me a summary of all fees billed by your law offices in 2019 related to the assignments and stolen confidential and privileged information.

(8) You promptly disgorge all related billed fees in (7) to me. (I'll pay Child Support once I receive these).

Please confirm, within 31 hours of this communication, by Tuesday, September 7th, 2021 at 5 pm Pacific, that you intend to take all eight (8) of the above steps within 14 days of the date of this communication.

(Or, if you're only going to take, say, 7 of the 8 steps, please let me know which seven (7) you will take as quickly as feasible, and within 14 days in any case)

You're already in knowing violation of California law, the RPC, and various rules of the ABA and the California Bar Association.

If no such confirmation is forthcoming, I will take all necessary appropriate steps.

Thank you for your immediate attention to this important matter.

Carl A. Wescott
8210 E. via de la Escuela
Scottsdale, AZ 85258

4

December 18th, 2021



Mr. Terry Szucsko, esq.
Lvovich and Szucsko, P.C.
50 Osgood Place Suite 500
San Francisco, CA 94133
Phone: 415-392-2560
Fax: 415-391-4060


Dear Mr. Szucsko:


In 2017, I hired Robert D. Shearer, esq. (now deceased) as my attorney on various matters, including a planned appeal of the family law order affecting Ms. Stephens and me. (We didn't get *pro hac vice* done quickly enough, and the appellate court bounced my appeal due to my being an allegedly vexatious litigant, so Mr. Shearer didn't appear).

Robert J. Block, a disbarred Illinois attorney, worked as a paralegal in the law offices of Mr. Shearer.

In 2018, you and your client Ms. Stephens came up with a criminal scheme to commercially bribe (provide kickbacks) to Mr. Block to steal confidential and privileged information from Mr. Shearer's law office. I'm not sure Mr. Shearer got payments, but your client, a represented party, directly communicated with Mr. Shearer as part of your criminal plot to steal information and more.

After an initial $100 payment disguised as a forgiven loan, Ms. Stephens also sent a series of $250 monthly payments ("the bribes") to Mr. Block. With these kickbacks as part of the inducement, Ms. Stephens stole confidential and privileged information and shared it with you.

My attorney and paralegal obviously had duties of confidentiality to me, and Mr. Block was under a confidentiality agreement as well, which you and Ms. Stephens induced him to violate with your bribes.

1

After I found out about it, I put Mr. Block under a new agreement that had LD (liquidated damages) attached should he violate his duties again. I informed you about said agreement. You and Ms. Stephens continued to steal confidential and privileged information.

Just before I should have received two payments from Salveo Capital totaling $255,000, you and Ms. Stephens stole information about Salveo and then committed fraud upon a Court together.

This may be a Mister Boffo Unclear on the Concept. Let me explain how this is supposed to work. Yes, I owe inordinate amounts of Child Support and other categories to Ms. Stephens. We'll set aside the fact that a $10 million+ award was fraudulently garnered by you and Ms. Stephens with suborned perjury, because I **want** to pay Child Support. I want to support my children. I've always been honest with Ms. Stephens (when we communicated) about our assets and my income. I even communicated with you when I expected to be able to make child support payments, based on expected payments to me.

When I've earned money, I've made Child Support payments. The purpose of my communications to you about upcoming and expected Child Support payments is not to alert you and Ms. Stephens so you can steal my income, or worse, deprive me of it without stealing it.

The way it is supposed to work is that I earn money, and then I make child support payments. The fact that I owe Ms. Stephens money does not give you or her the right to steal from me. I believe this situation is way worse than theft. If you stole confidential and privileged information from me, and then used it to collect US $255,000 from Salveo, please advise me of that. I'll be glad to learn that my children benefited from your theft (though will still protest your methodology).

The goal was never to steal from me, though. Your goal, and Ms. Stephens' goal, while I was technically homeless and crashing in an office and subsisting on food stamps, was to deprive me of income, to keep me from being able to get a place to live and hire an attorney to correct various of your other wrongful acts. Ms. Stephens is obviously doing very well financially, and has zero interest in receiving payments from me. (I recently hired an attorney who offered to facilitate Child Support payments to Ms. Stephens, but she didn't bother to reply to him).

2

Correct me if I'm wrong – did you collect US $255,000 with the assignment misusing stolen and privileged information and perpetrating further fraud upon the Court? In that case, please advise; I hope all the stolen monies went to support my children.

I don't think you or Ms. Stephens bothered to collect, however, as that was not the goal of the bribes to steal confidential information from an opposing attorney.

Continuing on, on or about February 19, 2019, you filed a Petition for an Assignment Order ("the Petition") seeking to levy proceeds from my commercial dealing with Salveo Capital ("Salveo") for the benefit of your client (now ex-client) Ms. Stephens and our sons. Upon information and belief, you took no steps to collect any proceeds from Salveo. The practical result was to deprive me or my entity of $255,000 in revenue when I had informed you that I was about to make a substantial Child Support payment.

As you might imagine, besides the criminal implications and your (hopefully) impending disbarment, this gives rise to causes of action of intrusion upon seclusion, intentional interference with contract (and/or negligent interference), common law conversion, intentional interference with prospective economic advantage (and/or negligent interference), misappropriation of trade secrets, abuse of process, fraudulent concealment, aiding and abetting fiduciary breach, and violations of the Rosenthal Act and the FDCPA, for starters. You, an officer of the law, and your client, a formerly licensed and registered investment banker, stole information related to securities offerings (including Salveo Capital's offering, and that of some of its clients and portfolio companies).

[for settlement only]

To avert litigation, I hereby demand a payment of the $255,000 I should have made from Salveo. Obviously, in a future jury trial, you and I both would expect that I'll get consequential damages and possibly exemplary damages. Can you imagine what my consequential damages might be? Can you imagine how much a future jury is going to hate you and want to punish you?

To be clear, I'm not offering not to report your crimes, nor am I offering not to report you to the bar for this payment. I'm simply offering to settle your civil liability for that amount, "your" being you and your law firm. In the unlikely case you wish to settle this matter, I expect to hear from you in the next few days.

3