UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WESCOTT,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. BLOCK, et al.,<br><br>Defendants. | Case No. 22-cv-00543-EMC<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Carl A. Wescott is a pro se litigant.  In an order filed on June 13, 2022, the Court dismissed the bulk of the claims asserted by Ms. Wescott.  It allowed him to proceed with only: (1) a claim for intrusion upon seclusion, against Ms. Stephens and Mr. Block only, and (2) a claim for fraudulent concealment, against Mr. Block only.  *See* Docket No. 13 (Order at 9); *see also* Docket No. 18 (order).

It appears that, thereafter, summons was executed on Mr. Block, but not on Ms. Stephens. *See* Docket Nos. 21-22.  On November 29, 2022, the Court held an initial case management conference.  Mr. Wescott made an appearance but Mr. Block and Ms. Stephens did not.  The Court specifically noted that the summons had not been executed on Ms. Stephens.  Mr. Wescott represented that he and Mr. Block had reached a settlement.  *See* Docket No. 27 (minutes).

A status conference was thereafter held on January 18, 2023.  No party, including Mr. Wescott, made an appearance.  The Court noted that there appeared to be a settlement with Mr. Block but that Mr. Wescott's "intent as to [Ms.] Stephens remains unknown."  Docket No. 29 (minutes).  The Court then stated that it would issue an order to show cause ("OSC") as to why the case should not be dismissed based on Mr. Wescott's failure to appear.  *See* Docket No. 29 (minutes).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Before an OSC could issue, Mr. Wescott filed a "Notice of Settlement" in which he

2  reiterated that he had reached a settlement with Mr. Block.  *See* Docket No. 30 (stating that

3  "Plaintiff and Mr. Block agree that Mr. Block should be indemnified by Mr. Szucsko [his

4  employer whom the Court previously dismissed]," that "Mr. Block has requested that Mr. Szucsko

5  tender to his carrier for Mr. Block's defense and/or indemnification," and that, "[w]hen Plaintiff

6  receives payment for Mr. Block, he will dismiss Mr. Block with prejudice").  Mr. Wescott did not

7  make any comment regarding his claim against Ms. Stephens.

8    Taking into account the above, the Court shall proceed as follows.  The Court hereby

9  issues an order to show cause.

10   • Mr. Wescott shall show cause as to why his claim against Ms. Stephens should not

11    be dismissed without prejudice based on a failure to prosecute.

12   • In addition, Mr. Wescott shall show cause as to why his claims against Mr. Block

13    should not be dismissed without prejudice in light of his settlement with Mr. Block.

14    The Court understands that Mr. Wescott may not want to dismiss Mr. Block until

15    he receives an actual payment from him (or an insurer).  But the issue of

16    enforcement of the settlement agreement is not a reason to keep this case open

17    indefinitely.  If Mr. Wescott has a settlement agreement with Mr. Block, and Mr.

18    Block fails to comply with the settlement agreement, then Mr. Wescott may have a

19    new claim against Mr. Block.

20    Mr. Wescott's response to this order to show cause shall be filed by **February 22, 2023**.  If

21  a response is not timely filed, then the Clerk of the Court shall automatically dismiss the

22  remaining claims in their entirety and close the file in the case.

23

24    **IT IS SO ORDERED**.

25

26  Dated: February 8, 2023

27  _____

28    EDWARD M. CHEN
    United States District Judge

2